IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LADELL EUGENE WALTON, JR., | |
| Plaintiff, | 8:12-CV-159 |
| vs. | MEMORANDUM AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

This is an appeal of a final agency decision under the Social Security Act, 42 U.S.C. § 401 *et seq*. In lieu of a brief on the merits, the defendant has filed a Motion to Remand (filing 16) pursuant to sentence four of § 405(g). The plaintiff has filed a Response to Defendant's Motion to Remand (filing 18) offering no resistance to the defendant's motion.

The Memorandum in Support of Defendant's Motion to Remand (filing 17) states that upon agency counsel's request, the Appeals Council agreed that a remand for further consideration was appropriate because the decision of the administrative law judge (ALJ) did not include adequate limitations in the plaintiff's residual functional capacity (RFC). Specifically, although the ALJ found that the plaintiff had severe impairments of a learning disability, bilateral hearing loss, and a speech impediment, the ALJ did not include any limitations in the RFC to account for these impairments. Filing 17. The defendant asks that the matter be remanded so that an ALJ can update the administrative record and afford the plaintiff an opportunity for a hearing, and the ALJ can render a new decision including specific RFC limitations to account for all the plaintiff's impairments. Filing 17.

Because the Court construes the defendant's Motion to Remand as a concession of error at the administrative level which brings into question the decision below, and because the defendant specifically concedes that this matter should be remanded pursuant to sentence four of § 405(g), the Court will reverse and remand this matter to the Commissioner for the above-stated reasons.

IT IS ORDERED:

1. Defendant's Motion to Remand (filing 16) is granted.

2. This matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to allow the Commissioner to (1) update the administrative record, (2) afford the plaintiff an opportunity for a hearing, and (3) render a new decision including specific residual functional capacity limitations that account for all the plaintiff's impairments.

3. A separate judgment will be entered.

Dated this 5th day of October, 2012.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge